S. A. & A. P. R'y Co. v. West Bailey.

(No. 2920.)

Appeal from Austin County. Opinion by Willson, J.

S. C. Patton, counsel for appellant.

No counsel appeared for appellee.

§ **68.** *Refusal of railway company to furnish freight cars; penalty in such case; repealed statute; case stated.* Appellee sued to recover of appellant $27 actual damages, $500 penalty, and a further penalty of $150, alleging as his cause of action that appellant had refused to furnish him a car upon which to load a lot of hay to be transported from Willis to San Antonio. He recovered damages for $27 actual damages and $50 as a penalty. Appellant excepted especially to appellee's petition upon several grounds, which exceptions were overruled. Appellant's first special exception is, in substance, that appellee's cause of action, as set forth in his petition, is the refusal of appellant to furnish a car for the transportation of said hay, and that the penalty of $500 claimed is not recoverable in such case. This exception should have been sustained. The allegation in the petition can be construed in no other way than that the cause of action is the refusal to furnish a car. For such refusal the penalty prescribed by law is $25 per day for each car failed to be furnished, and this is the only penalty prescribed. [Sayles' Civil St., art. 4227a, § 3.] Article 279, Revised Statutes, prescribing a penalty against common carriers of not less than $5 nor more than $500 for refusing to transport goods, is not applicable to appellee's cause of action, as alleged in his petition. Furthermore, we do not think that article is now applicable to railroad corporations, for the reason that it has been superseded — impliedly repealed — as to such corporations, by the subsequent acts of April 2 and 4, 1887 [20th Leg., pp. 116, 133; Sayles' Civil St., arts. 4227, 4227a, § 3]. As the law now is, the only penalty denounced against a railroad corporation for a refusal to furnish cars for the transportation of goods is $25 per day for each car failed to be furnished. [Sayles' Civil St., art. 4227a, § 3.] Under the allegations of appellee's petition, he could not legally recover more than $27, his actual damages, and $25 per day for six days' failure to furnish him one car, amount-

ing to $150 actual damages, and penalty, aggregating $177, an amount not within the jurisdiction of the county court. Appellant excepted specially to the petition, upon the ground that it showed that the county court did not have jurisdiction of the amount in controversy. As appellee was not entitled to recover the $500 penalty claimed, this exception should have been sustained. [1 Civil Cas. Ct. App., §§ 274, 1038; 2 Civil Cas. Ct. App., § 538.]

March 19, 1890.        Reversed and dismissed.